OFFICE OF THE CITY ATTORNEY
**City of Scottsdale**
3939 Drinkwater Boulevard
Scottsdale, Arizona 85251
T: 480.312.2405
F: 480.312.2548
Kimberly J. Kauffman (SBN: 019832)
**Attorney for Defendants Akil Davis, Aaron Henderson and Brent Vahle**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessie Buckey,<br><br>                Plaintiff,<br><br>v.<br><br>Akil Davis, Aaron Henderson, Brent Vahle, Helen Simmonds,<br><br>                Defendants. | NO: CV05-1100-PHX-JWS (JRI)<br><br>**ANSWER OF DEFENDANTS AKIL DAVIS, AARON HENDERSON & BRENT VAHLE**<br><br>(Request for Jury Trial) |

For their Answer to Plaintiff Jessie Buckey's ("Plaintiff") Complaint, Defendants Akil Davis, Aaron Henderson and Brent Vahle (collectively, "Answering Defendants"), hereby admit, deny, and allege as follows:

## A. JURISDICTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Answering Defendants admit that this Court has jurisdiction over this matter, but deny that jurisdiction is pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 402 U.S. 388 (1971).

2489797v1

2. Upon information and belief, Answering Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint, but deny that Answering Defendants are responsible for any violation.

3. Answering Defendants deny the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Answering Defendants admit that Aaron Henderson is currently employed with the Scottsdale Police Department, but deny all remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. Answering Defendants admit that Brent Vahle is currently employed with the Scottsdale Police Department, but deny all remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and, therefore, deny same.

### B. PREVIOUS LAWSUITS

7. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 6 above as if fully set forth herein.

8. Section B contains no allegations which require a response from these Answering Defendants. To the extent a response is required, Answering Defendants deny the allegations in Section B of the Complaint.

### C. CAUSE OF ACTION

### COUNT I

9. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 8 above as if fully set forth herein.

10. Answering Defendants deny the allegations in Count I, Paragraphs 1 and 2 of Plaintiff's Complaint as they may relate to these Answering Defendants.

2489797v1

11.  Answering Count I, Paragraph 3 of Plaintiff's Complaint, Answering Defendants admit that they were involved in a shooting on March 16, 2004 in a parking lot at 19th Avenue and Northern Avenue in Phoenix, Arizona, but deny all remaining allegations in Count I, Paragraph 3 of Plaintiff's Complaint as they may relate to these Answering Defendants.

12.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count I, Paragraph 4 of Plaintiff's Complaint and, therefore, deny same.

13.  Count I, Paragraph 5 of Plaintiff's Complaint contains no allegations which require a response from these Answering Defendants. To the extent a response is required, Answering Defendants deny the allegations in Count I, Paragraph 5 of Plaintiff's Complaint as they may relate to these Answering Defendants.

## COUNT II

14.  Answering Defendants incorporate by reference their responses to Paragraphs 1 through 13 above as if fully set forth herein.

15.  Answering Defendants deny the allegations in Count II, Paragraphs 1 through 3 of Plaintiff's Complaint as they may relate to these Answering Defendants.

16.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count II, Paragraph 4 of Plaintiff's Complaint and, therefore, deny same.

17.  Count II, Paragraph 5 of Plaintiff's Complaint contains no allegations which require a response from these Answering Defendants. To the extent a response is required, Answering Defendants deny the allegations in Count II, Paragraph 5 of Plaintiff's Complaint as they may relate to these Answering Defendants.

18.  Answering Defendants deny each and every allegation in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted for some or all of the claims.

2489797v1

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. As a separate defense and in the alternative, Plaintiff lacks damages.

4. Some or all of Plaintiff's claims are barred by the fact that Answering Defendants had reasonable and probable cause for their actions and conducted themselves reasonably under the circumstances.

5. Plaintiff's injuries and damages, if any, were caused in whole or in part by Plaintiff's own improper acts or omissions, including contributory/comparative negligence, assumption of the risk, failure to avoid known consequences and/or failure to mitigate damages, and Plaintiff's recovery, if any, should be barred or reduced thereby.

6. Plaintiff's injuries and damages, if any, were the result in whole or in part of the negligent, improper or otherwise wrongful acts or omissions of other defendants or third parties, and Answering Defendants' liability, if any, is barred or should be limited to its proportionate share of fault.

7. Pursuant to A.R.S. §§ 12-2501 *et seq.*, if the trier of fact determines that the percentage of fault chargeable to the Plaintiff is equal to or exceeds the aggregate fault of all of the Answering Defendants and nonparties, Plaintiff may be barred from recovering monetary damages.

8. Plaintiff's claims against one or more of the individual Answering Defendants are barred by his failure to comply with A.R.S. § 12-821.01.

9. Plaintiff's claims against one or more of the individual Answering Defendants are barred by the doctrines of immunity and/or qualified immunity.

10. As a separate defense and in the alternative, punitive damages are not available against some or all Answering Defendants.

11. Plaintiff is precluded from recovering special damages due to his failure to comply with *Arizona Rule of Civil Procedure* 9(g) and *Federal Rule of Civil Procedure* 9(g).

12. Upon information and belief, Plaintiff failed to mitigate his damages.

2489797v1

13. Answering Defendants' actions were justified by A.R.S. §§ 13-401 *et seq.* to protect against Plaintiff's unlawful use of deadly force.

14. Answering Defendants' actions were justified as self-defense.

15. Answering Defendants' actions were justified by defense of others as a result of Plaintiff's use of lethal force.

16. Answering Defendants are not liable for any of Plaintiff's damages, if any, pursuant to A.R.S. §12-711 and §12-712.

17. Additional facts may be revealed by future discovery to support defenses, affirmative and otherwise, presently available but unknown to these Answering Defendants. Therefore, as a separate defense and in the alternative, Answering Defendants affirmatively allege the additional defenses set forth in Rules 8(c) and 12(b), *Federal Rules of Civil Procedure*, all of which and each of them may bar recovery by Plaintiff from Answering Defendants.

18. Answering Defendants reserve the right to add additional defenses which may be revealed through discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Answering Defendants request the following:

A. That Plaintiff's Complaint be dismissed with prejudice, and Plaintiff take nothing thereby;

B. That Answering Defendants be awarded their costs and reasonable attorneys' fees incurred herein; and

C. That Answering Defendants be awarded such other further relief as this Court deems just and proper.

2489797v1

DATED this 13th day of March, 2006.

SCOTTSDALE CITY ATTORNEY'S OFFICE

Kimberly J. Kauffman
3939 N. Drinkwater Blvd.
Scottsdale, Arizona 85251
Attorney for Defendants Akil Davis, Aaron Henderson and Brent Vahle

**ORIGINAL** electronically filed this 13th day of March, 2006, with:

United States District Court
District of Arizona
http://www.azd.uscourts.gov/

**COPY** of the foregoing mailed via US Mail this 13th day of March, 2006, to:

Honorable Jay R. Irwin
United States District Court
325 West 19th Street
Yuma, Arizona 85364

**COPY** of the foregoing mailed via US Mail this 13th day of March, 2006, to:

Jessie Buckey
c/o Debbie Johnson
5307 W. Mauna Loa Lane
Glendale, AZ. 85306

2489797v1